UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ALEJANDRO PALOMAR Sr. and RAFAELA PALOMAR, | 12 C 2418 |
| Debtors. | Judge Feinerman |
| ALEJANDRO PALOMAR Sr. and RAFAELA PALOMAR, | |
| Plaintiffs-Appellants, | |
| vs. | Appeal from: |
| FIRST AMERICAN BANK, | 11 B 30585 |
| | 11 A 1792 |
| Defendant-Appellee. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs-Appellants Alejandro and Rafaela Palomar filed a voluntary joint petition for bankruptcy under Chapter 7 of the Bankruptcy Code and received a discharge in December 2011. They brought this adversary proceeding in the bankruptcy court against Defendant-Appellee First American Bank, seeking a discharge or "strip off" of First American's second-priority mortgage on their residence. The value of the residence is $165,000, and it was subject to a first-priority mortgage held by another lender that secures a debt of $242,894. Doc. 1-3 at 55. First American's second-priority lien secures an obligation of at least $50,000, and that is the obligation that the Palomars asked the bankruptcy court to discharge. *Ibid*. They grounded their request on Bankruptcy Code provisions saying that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an

-1-

unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim," 11 U.S.C. § 506(a)(1), and "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void," with inapplicable exceptions, 11 U.S.C. § 506(d). The bankruptcy court, adhering to its decision in *In re Immel*, 436 B.R. 538 (Bankr. N.D. Ill. 2010), held that strip offs are prohibited in Chapter 7 cases and thus dismissed the adversary proceeding. Doc. 1-3 at 55-60.

The Palomars' appeal of the bankruptcy court's judgment presents a single question of law: May debtors in a Chapter 7 bankruptcy use 11 U.S.C. § 506(d) to "strip off" a junior lien on their residence where the debt secured by the senior lien exceeds the market value of the residence? In *Dewsnup v. Timm*, 502 U.S. 410 (1992), the Supreme Court interpreted the above-quoted Bankruptcy Code provisions to hold that Chapter 7 debtors may not use section 506(d) to "strip down" a lien on their residence—that is, to void the lien to the extent that it exceeds the value of the residence while retaining it to the extent that it does not. *Id*. at 417. This appeal turns on whether *Dewsnup* should be read to also preclude the "stripping off" of a junior lien—that is, voiding it entirely—where liens of higher priority exceed the value of a Chapter 7 debtor's residence. In dismissing the Palomars' claim, the bankruptcy court answered in the affirmative.

The Seventh Circuit has not addressed the question, though it has often cited *Dewsnup* for "the principle that (with immaterial exceptions) liens pass through bankruptcy unaffected," *Gradel v. Piranha Capital, L.P.*, 495 F.3d 729, 732 (7th Cir. 2007); *see also Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 912 (7th Cir. 2001); *In re Penrod*, 50 F.3d 459, 461 (7th Cir. 1995); *In re CMC Heartland Partners*, 966 F.2d 1143, 1147 (7th Cir. 1992); *In re James Wilson Assocs.*, 965 F.2d 160, 167 (7th Cir. 1992), which would seem to apply as much to a junior lien

as to a senior lien.  The Fourth and Sixth Circuits agree with the bankruptcy court that *Dewsnup*'s determination that stripping down the primary lien on the debtor's residence is impermissible under Chapter 7 applies "with equal force and logic" to the stripping off of a secondary lien.  *In re Talbert*, 344 F.3d 555, 556 (6th Cir. 2003); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 779 (4th Cir. 2001) ("Because we find that the Supreme Court's reasoning in *Dewsnup* … is equally applicable to 'strip offs' as to 'strip downs,' we hold that a debtor may not strip off an unsecured but allowed lien pursuant to Section 506(d)."); *In re Laskin*, 222 B.R. 872 (B.A.P. 9th Cir. 1998) (same).  This court finds *Ryan* and *Talbert* persuasive, and for the reasons stated therein, the bankruptcy court's judgment is affirmed.

A recent decision of the Eleventh Circuit on analogous facts, *In re McNeal*, 2012 WL 1649853 (11th Cir. May 11, 2012) (per curiam), adopted the position advanced here by the Palomars.  *McNeal* is unpublished and thus non-precedential.  *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").  The *McNeal* panel explained that it was bound to follow a pre-*Dewsnup* Eleventh Circuit decision holding that "strip offs" are permitted in Chapter 7 cases, *Folendore v. U.S. Small Bus. Admin.*, 862 F.2d 1537 (11th Cir. 1989), unless "the intervening Supreme Court decision," *Dewsnup*, was "clearly on point."  *McNeal*, 2012 WL 1649853, at *2.  The panel determined that "[b]ecause *Dewsnup* disallowed only a 'strip down' of a partially secured mortgage lien and did not address a 'strip off' of a wholly unsecured lien, it is not 'clearly on point' with the facts in *Folendore* or with the facts at issue in this appeal." *Ibid*.  Accordingly, the Eleventh Circuit panel determined that it was bound by *Folendore* and did not consider whether the reasoning of *Dewsnup* (as opposed to its precise holding) would otherwise have

required a different result.  *Ibid*. ("that the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel to depart from our prior decision").

*Folendore* is not binding here, and in light of the particular legal context in which *McNeal* was decided, the decision is not persuasive and does not affect this court's conclusion that the bankruptcy court's judgment should be affirmed.

October 3, 2012                               _____
United States District Judge